| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IV | | |
| WALESKA ORTEGA<br><br>Recurrida<br><br>v.<br><br>FIDELINA RODRÍGUEZ ORTIZ, MAGALI RODRÍGUEZ RODRÍGUEZ Y OTROS<br><br>Peticionarias | TA2025CE00656<br><br>Consolidado con<br><br>TA2025CE00685 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>FA2024CV00736<br><br>Sobre:<br>Acción Civil, Acción Rescisoria o Pauliana, Culpa in Contrahendo, Interferencia Torticera, Novación Tácita, Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

Comparece la señora Fidelina Rodríguez Ortiz (señora Rodríguez Ortiz) y la señora Magali Rodríguez Rodríguez (señora Rodríguez Rodríguez y en conjunto, parte peticionaria) mediante dos recursos de certiorari.

Ante nuestra consideración se encuentran dos (2) recursos de *certiorari* incoados por la parte peticionaria.

El *primer* recurso fue presentado en el alfanumérico **TA2025CE00656**. Allí, nos solicitó la revisión de la *Orden* emitida y notificada el 14 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo.[1] Mediante la *Orden* recurrida, el foro de instancia declaró *No Ha Lugar* una solicitud de reconsideración interpuesta por la parte peticionaria, por lo que

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm.103.

mantuvo una *Orden* emitida el 9 de octubre de 2025, notificada al día siguiente mediante la cual declaró *Ha Lugar* una objeción al descubrimiento de prueba presentado por la parte recurrida del título.[2]

El *segundo* recurso fue presentado en el alfanumérico **TA2025CE00685**. En este recurso, nos solicitó la revisión de la *Orden* emitida y notificada el 22 de octubre de 2025.[3] Mediante el dictamen recurrido, el foro *a quo*, como sanción, le anotó la rebeldía a la mayor parte de los demandados del título.[4] Los recursos fueron consolidados.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *certiorari* en el recurso **TA2025CE00656**, mediante la cual no se permitió cierto descubrimiento de prueba. Por otro lado, se *expide* el auto de *certiorari* en el recurso **TA2025CE00685** y se *revoca* la *Orden* recurrida mediante la cual se anotó la rebeldía a la mayor parte de los codemandados, como sanción.

I

El caso de marras inició cuando el 24 de julio de 2024, la señora Waleska Ortega (señora Ortega o recurrida) interpuso una *Demanda* contra la parte recurrida, el señor Nelson Rodríguez Rodríguez; el señor Carlos Rodríguez Rodríguez; la señora Nilsa Rodríguez Rodríguez; el señor William Sue-A-Quan Delgado; el señor Fulano de Tal, la señora Fulana de Tal, el señor Mengano de Cual y la señora Mengana de Cual.[5] De acuerdo a sus alegaciones, solicitó como remedio la resolución del contrato de compraventa celebrado mediante la Escritura Núm. 24 del 9 de diciembre de 2023; la

---

[2] SUMAC TPI, a la Entrada Núm. 98.
[3] *Íd.*, a la Entrada Núm. 111.
[4] Conviene mencionar que, previo a la notificación de este recurso al foro de instancia, el foro *a quo* levantó la rebeldía a la señora Nilsa Rodríguez Rodríguez. Véase el SUMAC TPI, a la Entrada Núm. 119.
[5] SUMAC TPI, a la Entrada Núm. 1.

devolución de la propiedad vendida al patrimonio de los codemandados de apellido Rodríguez; una solicitud de orden para que se suscribiera una escritura de compraventa a favor de la recurrida; y que se condenara a la parte demandada a resarcir de forma solidaria por todos los daños y perjuicios sufridos, en una suma no menor de ciento veintinueve mil quinientos dólares ($129,500.00).

El 8 de octubre de 2024, la parte peticionaria interpuso su *Contestación a la Demanda*.[6] Aceptó algunas de las alegaciones mientras que negó otras. Por otro lado, presentó sus defensas afirmativas. Luego, el 24 de octubre de 2024, el señor William Sue-A-Quan Delgado interpuso su *Contestación a Demanda* a la cual le incluyó sus defensas afirmativas.[7]

Luego, el 25 de noviembre de 2024, el señor William Sue-A-Quan Delgado interpuso una *Demanda contra coparte*.[8] En su pliego, trajo como demandados contra coparte a la parte recurrida, al señor Nelson Rodríguez Rodríguez; al señor Carlos Rodríguez Rodríguez; y a la señora Nilsa Rodríguez Rodríguez. Conforme a lo alegado, solicitó que se les impusiera a los demandados contra coparte el pago de todas las sumas reclamadas en su demanda contra coparte, así como el pago de costas y honorarios de abogado. En reacción, el 8 de enero de 2025, los demandados contra coparte presentaron su *Contestación a demanda contra coparte*.[9]

Luego de varios trámites procesales innecesarios pormenorizar, el 22 de septiembre de 2025, ocurrieron dos (2) eventos procesales. El *primero* fue en consideración a la presentación del informe de conferencia con antelación a juicio (Informe). En el escrito, la recurrida informó al foro de instancia

---

[6] SUMAC TPI, a la Entrada Núm. 19.
[7] *Íd.,* a la Entrada Núm. 23.
[8] *Íd.,* a la Entrada Núm. 26.
[9] *Íd.,* a la Entrada Núm. 37.

que, según le fue informado por las representaciones legales de las partes, presentarían el Informe, pero que entendían habría que presentar uno enmendado, cuando concluyera el descubrimiento de prueba.[10] Mediante *Orden* emitida y notificada el 22 de septiembre de 2025, el foro *a quo* declaró *no ha lugar* lo solicitado. El *segundo* escrito incoado fue la presentación del *Informe para la conferencia con antelación a juicio* (Informe).[11] Conviene puntualizar que del referido Informe se desprende en lo relativo a la parte peticionaria, que esta informó, en síntesis, no tener descubrimiento de prueba pendiente, sino por el que le notificaran las otras partes.[12]

El 23 de septiembre de 2025, se celebró la *Conferencia con antelación a juicio*.[13] Producto de la vista, en esa misma fecha el foro de instancia emitió y notificó una *Orden de calendarización y manejo de caso*.[14] En dicha orden, el foro *a quo* aceptó el Informe. Por otro lado, dispuso sobre el calendario pendiente en torno al caso, hasta la celebración del juicio en su fondo. En lo atinente, (i) estableció las fechas y el lugar para las deposiciones pendientes (18 y 24 de noviembre de 2025); (ii) dispuso sobre el término que tendrían los representantes legales del señor Nelson Rodríguez Rodríguez,[15] y el señor Carlos Rodríguez Rodríguez,[16] para presentar un requerimiento de documentos; (iii) concedió término a la representación legal de la recurrida,[17] para que se presentara escrito en torno a un testigo que interesaba presentar, así como el término para que las demás partes replicaran; (iv) estableció la fecha en que se celebraría el juicio en su fondo; y (v) instruyó sobre los asuntos

---

[10] SUMAC TPI, a la Entrada Núm. 81
[11] *Íd.,* a la Entrada Núm. 82.
[12] *Íd.,* a la Entrada Núm. 82, pág. 43.
[13] *Íd.,* a la Entrada Núm. 87.
[14] *Íd.,* a la Entrada Núm. 86.
[15] El Lcdo. Pablo Lugo Lebrón es el representante legal del señor Nelson Rodríguez Rodríguez.
[16] El Lcdo. Antonio Pita Matienzo es el representante legal del señor Carlos Rodríguez Rodríguez.
[17] El Lcdo. Juan José Martínez Rodríguez es el representante legal de la señora Waleska Ortega.

relacionados a la prueba documental para el juicio, así como otras instrucciones relacionadas al manejo del caso.

Así las cosas, y en lo atinente al recurso ante nos, el 29 de septiembre de 2025, la parte peticionaria interpuso una *Moción al expediente judicial.*[18] En su escrito, informó que en esa fecha remitió a la recurrida una solicitud de requerimiento de documentos. Solicitó al foro de instancia que quedara enterado. Mediante *Orden* emitida y notificada el 30 de septiembre de 2025, el tribunal de instancia se dio por enterado.[19]

El 9 de octubre de 2025, compareció la recurrida mediante *Moción informando cumplimiento.*[20] En su escrito confirmó su comparecencia a una deposición programada para el 18 de noviembre de 2025, en el lugar y hora que se determinara. Esbozó que aguardaría por la confirmación de las partes adversas para informar al foro de instancia. En respuesta, mediante *Orden* emitida el 9 de octubre de 2025, notificada al día siguiente, el foro de instancia dispuso lo siguiente:

> Enterado. Se le concede a TODAS LAS PARTES DEMANDADAS el término perentorio e improrrogable de 10 días para suministrar a la parte demandante las fechas y horas definitivas para las deposiciones, SO PENA de que el tribunal anote la rebeldía a la par[t]e que incumpla.[21]

En el interín, el 9 de octubre de 2025, la recurrida interpuso un escrito intitulado *Objeción a descubrimiento no autorizado.*[22] Esbozó, en síntesis, que, como resultado de lo discutido en la vista celebrada el 23 de septiembre de 2025, el tribunal de instancia, mediante orden, autorizó dos notificaciones de producción de documentos. Entiéndase, una al licenciado Lugo Lebrón y otra al licenciado Pita Matienzo. Acotó que el descubrimiento de prueba interpuesto por la parte peticionaria no fue uno de los autorizados

---

[18] SUMAC TPI, a la Entrada Núm. 89.
[19] *Íd.,* a la Entrada Núm. 90.
[20] *Íd.,* a la Entrada Núm. 96.
[21] *Íd.,* a la Entrada Núm. 99.
[22] *Íd.,* a la Entrada Núm. 97.

por el tribunal inferior. A tenor, arguyó que se le debía eximir de responder a dicho descubrimiento de prueba por no haber estado incluido en la orden dada por el foro de instancia.

En respuesta, mediante *Orden* emitida el 9 de octubre de 2025, notificada el 10 de octubre de 2025, el foro *a quo* declaró *Ha Lugar* la objeción al descubrimiento de prueba no autorizado.[23]

En desacuerdo, el 10 de octubre de 2025, la parte peticionaria instó una *Moción de reconsideración*.[24] La parte peticionaria hizo referencia a porciones de la minuta de la vista celebrada el 23 de septiembre de 2025, con la finalidad de que el foro *a quo* reconsiderara su orden. En respuesta, mediante *Orden* emitida y notificada el 14 de octubre de 2025, el foro de instancia declaró *no ha lugar* la solicitud de reconsideración.

Regresando al asunto de las deposiciones pendientes y a lo ordenado por el foro *a quo*, el 17 de octubre de 2025, el señor Nelson Rodríguez Rodríguez interpuso una *Moción en cumplimiento de orden*.[25] Adujo que, el 18 de noviembre de 2025, en horas de la mañana, tomaría la deposición a la recurrida. En respuesta, mediante *Orden* emitida y notificada el 17 de octubre de 2025, el tribunal de instancia tomó conocimiento de lo informado.[26]

De ahí, el 21 de octubre de 2025, la recurrida interpuso una *Moción para anotarse la rebeldía por incumplimiento con orden del Tribunal*.[27] Alegó, en síntesis, que, salvo por el señor Nelson Rodríguez Rodríguez, quien cumplió, aunque, parcialmente, las partes no habían colaborado para lograr la completa coordinación de las deposiciones autorizadas por el tribunal. A tenor, solicitó que cónsono a la advertencia lanzada por el foro *a quo*, les anotara la rebeldía a los codemandados del título.

---

[23] SUMAC TPI, a la Entrada Núm. 98.
[24] *Íd.*, a la Entrada Núm. 101.
[25] *Íd.,* a la Entrada Núm. 104.
[26] *Íd.,* a la Entrada Núm. 105.
[27] *Íd.,* a la Entrada Núm. 109.

En respuesta, mediante *Orden* emitida y notificada el 22 de octubre de 2025,[28] el tribunal de instancia dispuso:

> Por incumplimiento con nuestra ORDEN ESTRICTA, se le ANOTA LA REBELD[Í]A a los codemandados FIDELINA RODR[Í]GUEZ ORTIZ, MAGALI RODR[Í]GUEZ RODR[Í]GUEZ, CARLOS RODR[Í]GUEZ RODR[Í]GUEZ, NILSA RODR[Í]GUEZ RODR[Í]GUEZ, representada por su tutora Magali Rodríguez Rodríguez [y] WILLIAM SUE-A-QUAN DELGADO.[29]

Al día siguiente, el señor Carlos Rodríguez Rodríguez interpuso una *Moción en réplica, en solicitud se deje sin efecto anotación de rebeldía y otros asuntos.*[30] En lo atinente, esbozó que las partes conocían que su representante legal estaría fuera del país y que estaba imposibilitado de coordinar fechas, horas y lugares para la toma de deposiciones, puesto a que se encontraba de vacaciones. Adujo que lo actuado por la parte recurrida había sido un acto para tomar ventaja indebida y a tenor, se le debía levantar la rebeldía.

En esa misma fecha, mediante *Orden*, el foro *a quo* declaró *No Ha Lugar* lo solicitado por el señor Carlos Rodríguez Rodríguez.[31]

Por otro lado, el 27 de octubre de 2025, la señora Nilsa Rodríguez Rodríguez, por conducto de su defensor judicial, instó una *Solicitud para que se levante la anotación de rebeldía de la co-demandada incapaz Nilsa Rodríguez Rodríguez.*[32] Adujo, en síntesis, que, tal y cual era del conocimiento de las partes, no tenía descubrimiento de prueba pendiente y que era innecesario que se coordinara con su representante legal lo relacionado a la toma de deposiciones y que por tal razón no intervino. Dado a lo expuesto, razonó que procedía se le levantara la anotación de rebeldía.

---

[28] SUMAC TPI, a la Entrada Núm. 111.
[29] *Íd.*
[30] *Íd.*, a la Entrada Núm. 113.
[31] *Íd.,* a la Entrada Núm. 115.
[32] *Íd.,* a la Entrada Núm. 118.

En respuesta, mediante *Orden* emitida y notificada el 27 de octubre de 2025, el tribunal de instancia levantó la rebeldía a la señora Nilsa Rodríguez Rodríguez.[33]

Ahora bien, en lo relativo al trámite ante esta Curia, el 22 de octubre de 2025, compareció la parte peticionaria mediante un *primer* recurso de *certiorari*, en el alfanumérico **TA2025CE00656**. Allí, esgrimió la comisión del siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA OBJECIÓN A UNA SOLICITUD DE PRODUCCIÓN DE DOCUMENTOS SERVIDA POR LA CODEMANDADA-PETICIONARIA DENTRO DEL T[É[]RMINO DE 10 DÍAS CONCEDIDO POR EL TPI PARA ENVIAR DESCUBRIMIENTO DE PRUEBA.

Por otro lado, el 28 de octubre de 2025, compareció nuevamente la parte peticionaria mediante otro recurso de *certiorari*, en el alfanumérico **TA2025CE00685**. Allí, esbozó la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ANOTAR LA REBELDÍA A LAS PETICIONARIAS, LAS CUALES, EN EFECTO, HABÍAN CUMPLIDO CON LA ORDEN EMITIDA, SIN QUE LAS CODEMANDADAS-PETICIONARIAS PUDIERAN PRESENTAR SU CORRESPONDIENTE OPOSICIÓN Y/O R[É]PLICA EN EL TÉRMINO ESTABLECIDO EN LA REGLA 8.4 DE PROCEDIMIENTO CIVIL, PRIVÁNDOLES DE UN DEBIDO PROCESO DE LEY EN UN EVIDENTE ACTO DE ABUSO DE DISCRECIÓN JUDICIAL.

En la misma fecha, la parte peticionaria también presentó una *Solicitud urgente de paralización en auxilio de jurisdicción*. También presentó una *Moción solicitando consolidación* de los recursos ante nuestra consideración.

Mediante *Resolución* el 29 de octubre de 2025, ordenamos la consolidación de los dos recursos ante nuestra consideración, por ser lo procedente en derecho, denegamos la solicitud de paralización de los procedimientos y concedimos término a la parte recurrida para expresarse.

---

[33] SUMAC TPI, a la Entrada Núm. 119.

El 3 de noviembre de 2025, compareció el señor Carlos Rodríguez Rodríguez mediante *Moción en cumplimiento de orden y uniéndose a lo solicitado en los certiorari*. Peticionó que se concediera el remedio solicitado por la parte peticionaria. Por su parte, el 4 de noviembre de 2025, compareció la señora Ortega mediante *Moción de la parte recurrida expresándose en cuanto a los recursos consolidados y mostrando causa de porque (sic) no deben expedirse.* Con el beneficio de la comparecencia de las partes, procederemos a disponer de los recursos consolidados.

II

**A. Certiorari**

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de Procedimiento Civil.[34] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> [...]
> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [...]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> (b) *Recurso de "certiorari".* Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes

---

[34] 32 LPRA Ap. V, R. 52.1.

del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.[35]

[…]

El recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[36] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[37] Conviene desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[38] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[39] La Regla 40 del Reglamento del Tribunal de Apelaciones, esboza los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[35] 32 LPRA Ap. V, R. 52.2(b).

[36] *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 174 (2020).

[37] *Íd.*

[38] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).

[39] *Íd.*

Sabido es que el Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[40] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[41] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[42] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[43]

### B. La anotación de rebeldía como sanción

Particularmente, la anotación de rebeldía como sanción por incumplimiento con una orden del tribunal, "siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justifica equivaldría a un abuso de discreción."[44] Así las cosas, es norma firmemente establecida que el mecanismo de la rebeldía tiene como propósito desalentar el uso de la dilación como estrategia de litigación.[45]

La Regla 45 de Procedimiento Civil regula la figura de la rebeldía.[46] En lo pertinente, dispone que se anotará la rebeldía,

---

[40] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[41] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[42] *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023).
[43] *Íd.*, *Mejías v. Carrasquillo*, 185 DPR 288, 306-307 (2012).
[44] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011).
[45] *Rivera Figueroa v. Joe's European Shop, supra*, pág. 587.
[46] 32 LPRA Ap. V, R. 45.

"cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo [...]".[47] Dicho de otra manera, la rebeldía supone la posición procesal en que se coloca a la parte que dejó de ejercitar su derecho a defenderse o cumplir con su deber procesal.[48] Así, este mecanismo funciona como sanción contra aquella parte que, luego de dársele la oportunidad para la reclamación, decide no defenderse.[49]

La anotación de rebeldía podrá realizarse *motu proprio* por el tribunal o a moción de parte.[50] Una vez anotada, tendrá el efecto de que se admitan como ciertas las aseveraciones de las alegaciones afirmativas.[51] Además, anotada la rebeldía, el tribunal queda autorizado para dictar sentencia, si esta procede como cuestión de derecho.[52]

No obstante lo anterior, conforme a la Regla 45.3 de Procedimiento Civil,[53] los tribunales tienen la facultad de dejar sin efecto una anotación de rebeldía, así como también la sentencia que en tal condición se emita, por causa justificada.[54] Ahora bien, la parte que solicite que se deje sin efecto una anotación de rebeldía, deberá demostrar: (i) justa causa para la dilación; (ii) que tiene una buena defensa en sus méritos, y (iii) que el grado de perjuicio que pueda ocasionarse a la otra parte es razonablemente mínimo.[55] No

---

[47] 32 LPRA Ap. V, R. 45.1; *Martínez v. Inst. Cardiopulmonar*, 213 DPR 221 (2023).
[48] *Rivera Figueroa v. Joe's European Shop*, supra, citando a R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Ed. Lexisnexis, 2010, Sec. 2701, a la pág. 287.
[49] *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 823 (2023); *González Pagán v. Moret Guevara*, 202 DPR 1062, 1069 (2019), citando a *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002).
[50] 32 LPRA Ap. V, R. 45.1.
[51] *Íd.*
[52] *Martínez v. Inst. Cardiopulmonar*, supra; *Rivera Figueroa v. Joe's European Shop*, supra, a la pág. 589.
[53] 32 LPRA Ap. V, R. 45.3.
[54] *Íd.*
[55] *Rivera Figueroa v. Joe's European Shop,* supra, a la pág. 593.

bastará con escuetas alegaciones o someros argumentos al respecto.[56]

Por otra parte, el Tribunal Supremo ha expresado que dicha regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. Ello, puesto que el ideal del relevo de la rebeldía es que los casos se ventilen en sus méritos.[57]

### La Regla 34.3(b) y la Regla 39.2(a) de Procedimiento Civil

La Regla 34.3(b) de las de Procedimiento Civil aborda lo relativo a la negativa de una parte a obedecer una orden del Tribunal para llevar a cabo o permitir el descubrimiento de prueba. En lo pertinente, dispone sobre las siguientes consecuencias:

> [. . .]
> (3) Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.
> [. . .]
> (6) Una orden, bajo las condiciones que estime justas, para imponer a cualquier parte, testigo o abogado o abogada una sanción económica como resultado de sus actuaciones. Reglas de Procedimiento Civil de Puerto Rico 50 (c) En lugar de cualesquiera de las órdenes anteriores o adicional a éstas, el tribunal impondrá a la parte que incumpla la orden o al abogado o la abogada que la aconsejó, o a ambos, el pago del importe de los gastos, incluyendo honorarios de abogado o abogada, a menos que el tribunal determine que existía una justificación válida para el incumplimiento o que, dentro de las circunstancias, el pago de los gastos resultaría injusto.
> [. . .]

Por otro lado, la Regla 39 de las Reglas de Procedimiento Civil,[58] aborda lo relativo al desistimiento y desestimación de los pleitos. En específico, la Regla 39.2 (a) de las Reglas de Procedimiento Civil faculta a los tribunales para desestimar causas de acción debido al incumplimiento de las partes con sus órdenes.[59] Dicha regla lee como sigue:

> (a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o

---

[56] *Correa v. Marcano,* 139 DPR 856, 862 (1996).
[57] *Rivera Figueroa v. Joe's European Shop,* supra, a la pág. 591.
[58] 32 LPRA Ap. V, R. 39.
[59] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.,* 205 DPR 689, 703 (2020).

a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda. **Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

A esos efectos, el Tribunal Supremo de Puerto Rico ha expresado que una vez se plantea ante el TPI una situación que amerite la imposición de sanciones, este debe amonestar primeramente al abogado de la parte.[60] Si este curso de acción no produce un resultado positivo procede desestimar la demanda o eliminar las alegaciones, luego de que la parte haya sido debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento.[61]

> Como regla general, los tribunales están obligados a desalentar la práctica de falta de diligencia y de incumplimiento con sus órdenes mediante su efectiva, pronta y oportuna intervención. Además, tienen el poder discrecional, según las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte. No obstante, esa determinación se debe ejercer juiciosa y apropiadamente.[62]

Conviene desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[63] Además, se define como el

---

[60] *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 297 (2012).
[61] *Íd.*; *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 223 (2001).
[62] *Mejías et al. v. Carrasquillo et al,* supra; *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982).
[63] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).

poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción.[64]

III

Según se desprende de la lectura, esta Curia tiene ante su consideración dos peticiones de *certiorari* presentadas por la misma parte peticionaria. Vemos que se recurrió de dos (2) órdenes.

En síntesis, en el *primer* recurso, el alfanumérico **TA2025CE00656**, se nos solicitó la revisión de una determinación interlocutoria mediante la cual, el foro recurrido denegó una solicitud de reconsideración, por lo que mantuvo su dictamen previo sobre no permitir cierto descubrimiento de prueba presentado por la parte peticionaria. Por otro lado, en el *segundo* recurso, el alfanumérico **TA2025CE00685**, se nos solicitó la revisión de una orden mediante la cual, el foro *a quo*, como sanción, le anotó la rebeldía a la mayor parte de los demandados del título.[65]

Para un cabal entendimiento, procederemos a disponer de los recursos de forma separada. Veamos.

## TA2025CE00656

Según mencionamos, en este recurso se recurre de una orden interlocutoria relacionada al descubrimiento de prueba. En el recurso, la parte peticionaria nos invita a concluir que el foro de instancia se equivocó al declarar con lugar una objeción a producción de documentos servida por esta parte.

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, la *Resolución* objeto de revisión, así como el derecho aplicable, resaltamos de entrada, que el asunto traído ante nuestra consideración no se encuentra entre las instancias contempladas por la Regla 52 de Procedimiento Civil.[29] De manera

---

[64] *García v. Padró*, 165 DPR 324, 334 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

[65] Conviene mencionar que, previo a la notificación de este recurso al foro de instancia, el foro *a quo* levantó la rebeldía a la señora Nilsa Rodríguez Rodríguez. Véase el SUMAC TPI, a la Entrada Núm. 119.

que, únicamente, podremos intervenir en el mismo si está presente algunos de los criterios esgrimidos en la Regla 40 de este Tribunal, que nos facultan para expedir un recurso de *certiorari*.[30]

Tras examinar el recurso en base a los referidos criterios, este Panel coincide que no se justifica nuestra intervención. Esto, puesto a que no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Por otro lado, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[31] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[32]

A tenor, tras un estudio minucioso de la totalidad de los autos ante nuestra consideración y el marco doctrinal aplicable, forzosamente nos lleva a concluir que no debemos intervenir con la determinación recurrida. Por tanto, en virtud de lo dispuesto en la antes mencionada Regla 40 hemos acordado denegar la expedición del auto de *Certiorari*.

**TA2025CE00685**

En lo relativo a este recurso, la parte peticionaria recurre ante nos tras su inconformidad con la anotación de rebeldía que le fue impuesta en este caso. Antes de adentrarnos en el recurso incoado, precisa señalar que el tribunal *a quo* les anotó la rebeldía a las partes demandadas, excepto al señor Nelson Rodríguez Rodríguez. Ahora bien, conviene mencionar que con relación a la señora Nilsa Rodríguez Rodríguez, quien conforme se desprende de los autos es incapaz, producto de un escrito presentado por su defensor judicial, el foro de instancia le levantó la rebeldía. Por tanto, al momento de

la notificación del recurso de *certiorari* al foro de instancia, las partes que tienen la rebeldía anotada producto de la orden recurrida son: (i) la señora Fidelina Rodríguez Rodríguez; (ii) la señora Magali Rodríguez Rodríguez; (iii) el señor Carlos Rodríguez Rodríguez; y (iv) el señor William Sue-A-Quan Delgado.

Ahora bien, como cuestión de umbral, este Tribunal tiene la ineludible tarea de determinar si procede o no la expedición del auto de *certiorari* en este caso. En vista de que, en el recurso ante nuestra consideración se nos ha solicitado revisar una determinación sobre anotación de rebeldía, hemos procedido a revisar la totalidad de los autos ante nuestra consideración. Luego de haber cumplido con esta tarea, colegimos que ha quedado justificada nuestra intervención al amparo de la Regla 52.2 de las de Procedimiento Civil,[66] y de la Regla 40 del Reglamento de este Tribunal.[67] A tenor, hemos acordado *expedir* el auto de *certiorari* presentado por la parte peticionaria. Veamos.

Según se desprende del tracto procesal del caso de título, la vista de conferencia con antelación a juicio fue celebrada con la comparecencia de las partes y el Informe fue aprobado por el foro de instancia. Producto de la vista de conferencia con antelación a juicio y en lo pertinente a este recurso, quedó pendiente la toma de ciertas deposiciones que fueron autorizadas por el foro *a quo* mediante una orden de calendarización de los asuntos pendiente para poder celebrar el juicio en su fondo.

Mediante escrito presentado al tribunal, la recurrida confirmó su comparecencia a la deposición del 18 de noviembre de 2025, en el lugar y hora que se determinara, pero que aguardaría por la confirmación de las partes adversas para informar. De ahí que, mediante *Orden* emitida el 9 de octubre de 2025, notificada al día

---

[66] 32 LPRA Ap. V, R. 52.2.
[67] *In re Aprob. Enmdas. Reglamento TA,* supra, a las págs. 59-60.

siguiente a los abogados de las partes, el foro de instancia quedó enterado y dispuso de un término perentorio e improrrogable para que las partes suministraran a la parte recurrida las fechas y horas definitivas para las deposiciones. En la orden, apercibió a las partes que a la parte que incumpliera, le anotaría la rebeldía. Precisa señalar que, esta orden fue notificada solamente a los abogados de las partes, no así, a ninguna de las partes contra las cuales se lanzó dicha advertencia.

Con la finalidad de cumplir, el señor Nelson Rodríguez Rodríguez presentó un escrito en el cual esbozó que tomaría la deposición a la recurrida el 18 de noviembre de 2025, en horas de la mañana. El foro *a quo* tomó conocimiento. Luego, la recurrida interpuso un escrito en el cual solicitó que se anotara la rebeldía a las partes codemandadas del título por haber incumplido con lo ordenado por el Tribunal en lo relativo a la coordinación de las deposiciones. La recurrida en su escrito distinguió a los codemandados, cuando informó que el señor Nelson Rodríguez Rodríguez había cumplido parcialmente con lo ordenado por el Tribunal. De ahí que la primera instancia judicial emitió la orden objeto de revisión, en la cual, salvo por el señor Nelson Rodríguez Rodríguez, le anotó la rebeldía al resto de los codemandados del título. Conviene mencionar que, dicha determinación le fue notificada solamente a los abogados de las partes, no así a ninguna de las partes afectadas.

Luego, por vía de reconsideración, el señor Carlos Rodríguez Rodríguez intentó sin éxito el que se le levantara la rebeldía, mientras que, mediante otro escrito, la señora Nilsa Rodríguez Rodríguez, si logró que se le levantara la rebeldía. Por su parte, insatisfecha con el curso decisorio del foro *a quo*, la parte peticionaria acudió ante nos mediante este recurso.

Conforme a nuestro marco doctrinal, la Regla 34.3 de las de Procedimiento Civil,[68] esboza cuáles son las consecuencias para una parte cuando se niega a obedecer una orden de un Tribunal para llevar a cabo o permitir el descubrimiento de prueba. En el caso de marras, el foro de instancia ordenó a las partes a proveer cierta información relacionada a la coordinación de las deposiciones pendientes y salvo por el señor Nelson Rodríguez Rodríguez, de quien se alegó, cumplió parcialmente, el resto no lo hizo. Precisa puntualizar que, en dicha orden, el foro de instancia lanzó una advertencia a los codemandados. Dicha advertencia consistió en que, de no cumplir, se les anotaría la rebeldía.

En lo pertinente, la Regla 45 de las de Procedimiento Civil dispone que se anotará la rebeldía, "cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo [...]".[69] Dicho de otra manera, la rebeldía supone la posición procesal en que se coloca a la parte que dejó de ejercitar su derecho a defenderse o cumplir con su deber procesal.[70] Así, este mecanismo funciona como sanción contra aquella parte que, luego de dársele la oportunidad para la reclamación, decide no defenderse.[71] Precisa señalar que en el caso del título no se trata de partes que no se han defendido en el pleito. Más bien, se trata de un caso en el cual, en la orden de calendarización de los procedimientos pendientes, producto de la celebración de la conferencia con antelación a juicio, el foro de

---

[68] 32 LPRA Ap. V, Regla 34.3.
[69] 32 LPRA Ap. V, R. 45.1; *Martínez v. Inst. Cardiopulmonar*, supra.
[70] *Rivera Figueroa v. Joe's European Shop*, supra, citando a R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Ed. Lexisnexis, 2010, Sec. 2701, a la pág. 287.
[71] *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 823 (2023); *González Pagán v. Moret Guevara*, 202 DPR 1062, 1069 (2019), citando a *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002).

instancia trazó la ruta para lograr la meta, entiéndase, celebrar el juicio en su fondo.

Por otro lado, regresando a las disposiciones de la Regla 34.3(b) de Procedimiento Civil, entre las consecuencias que puede tener el incumplimiento relacionado al descubrimiento de prueba es que el foro de instancia pueda emitir está la siguiente:

> [u]na orden para eliminar las alegaciones o parte de ellas o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar un pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.[72]

Dicho lo anterior y luego de realizar un análisis exhaustivo de la totalidad de las circunstancias que rodean el presente caso, nos lleva a la forzosa conclusión de que, en su proceder, el foro de instancia incidió. En el caso ante nuestra consideración el tribunal de instancia se excedió en su discreción al anotar la rebeldía a los codemandados, sin haber impuesto una sanción menos severa ni haber dado la oportunidad de que expresaran las razones para su dilación. Este Panel considera, a base de la totalidad del expediente del título, y aun cuando reconocemos que el tribunal de instancia tiene un interés genuino en que los procedimientos marchen de forma ordenada hasta su pronta resolución, la orden recurrida no guarda cómodo resguardo en la discreción conferida, dada la severidad de su orden.

Por tanto, tomando en consideración que los casos son dinámicos y que esta Curia no autorizó la paralización de los procedimientos, de las partes a esta fecha no haber cumplido, procede dar un breve término final para que cumplan con el fin de que las partes terminen la coordinación y las deposiciones se puedan llevar a cabo, según el calendario proyectado por el foro *a quo.*

---

[72] 32 LPRA Ap. V, Regla 34.3(b)(3).

Recordemos que, la anotación de rebeldía como sanción por incumplimiento con una orden del tribunal, "siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justifica equivaldría a un abuso de discreción."[73] Así las cosas, es norma firmemente establecida que el mecanismo de la rebeldía tiene como propósito desalentar el uso de la dilación como estrategia de litigación.[74] Dado a todo lo anterior, colegimos que el error esgrimido fue cometido, por lo que procede revocar la *Orden* emitida el 22 de octubre de 2025, en el SUMAC TPI a la Entrada Núm. 111, mediante la cual anotó la rebeldía como sanción.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* en el recurso **TA2025CE00656**, mediante la cual no se permitió cierto descubrimiento de prueba. Por otro lado, se *expide* el auto de *certiorari* en el recurso **TA2025CE00685** y se *revoca* la *Orden* recurrida mediante la cual se anotó la rebeldía como sanción.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento,[75] el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[73] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011).
[74] *Rivera Figueroa v. Joe's European Shop*, supra, pág. 587.
[75] Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 55, 215 DPR __ (2025).